UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

NELSON CARTAGENA-MERCED,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal No. 97-110 (JAF)

**<u>OPINION AND ORDER</u>**

Petitioner, Nelson Cartagena-Merced, comes before us with a motion for post-conviction relief. He styles his petition as a motion for relief under Fed. R. Civ. P. 60. (Docket No. 566.)

**I.**

**<u>Factual and Procedural Summary</u>**

On June 19, 1998, Petitioner was convicted by a jury of five criminal counts, including aiding and abetting a bank robbery, assault, and use of a firearm in relation to a crime of violence. (Docket No. 293.) On November 4, 1998, this court sentenced Petitioner to 308 months in prison. (Docket No. 332.) The First Circuit then affirmed Petitioner's sentence and conviction. <u>United States v. Mojica-Baez</u>, 229 F.3d 292 (1st Cir. 2000).

Petitioner filed his first § 2255 motion in August 2001, which this court denied. (Civ. No. 01-2165, Docket Nos. 1; 2.) Petitioner then filed another petition, styled as a

1   motion for relief under § 2241, which was denied on June 4, 2009.  Merced v. United States,

2   No. 09-20731, 2009 WL 1575303 (S.D. Fla. June 4, 2009). Finding that Merced had filed

3   his petition under § 2241 as an attempt "to avoid the procedural bar of filing a successive

4   motion to vacate pursuant to § 2255," the court denied the motion. Id. at *2.

5        This latest petition, thus, is merely the latest attempt by Petitioner to evade the

6   gatekeeping mechanisms of § 2255.  For the reasons explained below, we reject this attempt

7   and deny the motion.

8                                                    **III.**

9                                                 **Analysis**

10       Because Petitioner appears pro se, we construe his pleadings more favorably than we

11  would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

12  Nevertheless, Petitioner's pro-se status does not excuse him from complying with

13  procedural and substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

14       Petitioner styles his motion as one under Fed. R. Civ. P. 60(b).  (Docket No. 566 at

15  1.)   But, as the First Circuit has stated, we are not bound by Petitioner's creative

16  interpretation. Instead, in cases such as this, where it is clear that Petitioner's claim "falls

17  within the compass of section 2255," courts have "recharacterized imaginatively captioned

18  petitions to reflect that they derive their essence from section 2255 and, thus, must satisfy

19  that section's gatekeeping provisions."  Trenkler v. United States, 536 F.3d 85, 88 (1st Cir.

20  2008) (citing United States v. Winestock, 340 F.3d at 206-208 (4th Cir. 2003)).

1          In <u>Winestock</u>, the Fourth Circuit recharacterized a self-styled motion under Fed. R.

2     Civ. P. 60(b), finding that its substance revealed a classic claim under § 2255.  340 F.3d at

3     206.  We proceed in the same way here.  "A close analysis of the petitioner's claim leaves

4     no doubt but that, regardless of its label," the claim here is a "classic habeas corpus

5     scenario."  <u>Trenkler</u>, 536 F.3d at 97.  Petitioner's claim is brought by a federal prisoner,

6     alleging that that the sentence imposed by this court "was in excess of the maximum

7     authorized by law."  <u>Id.</u> (quoting 2255(a)).  Thus, it is cognizable as a § 2255 proceeding,

8     and we will recharacterize it as such.

9          As in <u>Trenkler</u>, the conclusion that this proceeding should be treated as one under

10    2255 "sounds a death knell for the proceeding."  536 F.3d at 98.  Petitioner has already filed

11    one § 2255 petition, which we denied.  (Civ. No. 01-2165, Docket No. 2.)

12         To file a second or successive habeas proceeding, Petitioner would need to receive

13    certification from the First Circuit Court of Appeals, as required by § 2255(h) ("A second or

14    successive motion must be certified as provided in section 2244 by a panel of the

15    appropriate court of appeals . . . ").  Absent a certification from the Court of Appeals, we

16    have no jurisdiction to entertain Petitioner's second or successive habeas petition.

17    § 2255(h); <u>see also</u> <u>United States v. Rivera-Lebron</u>, 410 Fed. Appx. 352, 2011 WL 679438

18    (1st Cir. Feb. 28, 2011) (recharacterizing motion for writ of audita querela as second or

19    successive habeas motion, subject to denial because petitioner had not requested

20    certification pursuant to § 2255(h)).

1    We note that at least one other district court has entertained a nearly identical claim

2    for relief.  See Hall v. Thaler, No. 07-0362, 2012 WL 3854964 (N.D. Tex. Sept. 5, 2012).

3    In that case, the petitioner also styled his motion as one under Rule 60(b), arguing that the

4    allegedly retroactive applications of rulings in Missouri v. Frye, 132 S.Ct. 1399 (2012), and

5    Lafler v. Cooper, 132 S.Ct. 1376 (2012), provided new grounds for a claim of ineffective

6    assistance of counsel.[1]  Id.  The district court recharacterized the petition as a second or

7    successive habeas petition.  Id.

8    Here we do the same.  If Petitioner wishes this court to hear his claim—effectively a

9    second or successive habeas motion—he must first obtain a certification from the Court of

10   Appeals, pursuant to §§ 2255(h) and 2244.  He has not done so and, for the foregoing

11   reasons, Petitioner's motion is **DENIED.**

12   **IT IS SO ORDERED.**

13   San Juan, Puerto Rico, this 30th day of November, 2012.

14                                                          s/José Antonio Fusté
15                                                          JOSE ANTONIO FUSTE
16                                                          United States District Judge

---

[1] This is the same argument Petitioner makes in his brief.  (Docket No. 566.)