UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSE RAMOS-CARTAGENA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Criminal No. 97-110-01 (JAF)

**OPINION AND ORDER**

Petitioner, José Ramos-Cartagena, filed this pro-se motion under 18 U.S.C. § 3582(c)(2), seeking to modify his sentence based on Amendment 599 to the United States Sentencing Guidelines.

**I.**

**Background**

On June 19, 1998, a jury convicted Ramos-Cartagena of two counts of armed robbery, in violation of 18 U.S.C. §§ 2, 2113(a),(d); one count of assault, in violation of 18 U.S.C. §§ 2, 2114(a); one count of breaking and entering, in violation of 18 U.S.C. §§ 2, 2117; and one count of using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1). (Docket No. 292.) On November 12, 1998, we sentenced Ramos-Cartagena to serve a statutory term of ten years as to the firearm conviction and to serve concurrent terms as to the armed robbery, assault, and breaking and entering convictions, for a total sentence of 355 months. (Docket No. 582-1

at 17.) On August 30, 2000, the First Circuit affirmed the convictions and sentences of Ramos-Cartagena and his co-defendants. United States v. Mojica-Baez, 229 F.3d 292 (1st Cir. 2000). On April 11, 2013, Ramos-Cartagena filed this motion for modification of the sentence we imposed in 1998 based on Amendment 599 of the U.S. Sentencing Guidelines. (Docket No. 576.) The government opposed. (Docket No. 582.)

## II.

### Discussion

Title 18 U.S.C. § 3582(c) provides limited exceptions that permit modification of an imposed term of imprisonment. The exception relied on by defendant provides that a sentence may be modified:

> [i]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The policy statement issued by the Sentencing Commission on the retroactive reduction of a term of imprisonment explains:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the

>               defendant's term of imprisonment shall be consistent with this
>               policy statement.

U.S. Sentencing Guidelines Manual § 1B1.10(a)(1)(2012). Amendment 599 is among those listed in subsection (c). However, the policy statement further explains that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [n]one of the amendments listed in subsection (c) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A) (2012). Ramos-Cartagena's motion is premised on the notion that we should modify his sentence pursuant to Amendment 599. However, Amendment 599 is not applicable to Ramos-Cartagena's sentence.

The First Circuit has explained that "Amendment 599's purpose, broadly stated, is to eliminate duplicative sentences for essentially the same offense." U.S. v. Hickey, 280 F.3d 65, 66 (1st Cir. 2002). The court explained that Note 2 to Amendment 599 "reinforced the long-standing notion . . . that a defendant's possession of a weapon cannot be used to enhance the level of the underlying offense." Id. at 68.

The facts of U.S. v. Hickey are similar to those of the present case. The defendant was convicted of conspiracy, armed robbery, and use of a firearm during the commission of an armed robbery; he was considered a career offender for sentencing purposes due to prior offenses. 280 F.3d at 66. Defendant argued that "an armed robbery charge, rather than an unarmed robbery charge, operates as a sentencing enhancement," thus Amendment 599 applied. Id. at 69. The court held that Amendment 599 was not

applicable because Defendant's sentence "was imposed not on the basis of the underlying offense, i.e., armed robbery, but on the basis of his career offender status." Id. at 67.

Here, Ramos-Cartagena argues that his sentence was enhanced two levels for firearm possession; therefore, Amendment 599 requires that his sentence be reduced. (Docket No. 576 at 3.) Here, as was the case in U.S. v. Hickey, "the specific offense characteristics of [the] underlying offense" are "immaterial" because "the sentencing court only considers the underlying offense's statutory maximum." 280 F.3d at 69. The sentencing guideline provides a "clear meaning" as to the issue of enhancement, thus "our inquiry ends." Id. Indeed, the transcript of the sentencing hearing shows that the two-point enhancement was adjusted for Ramos-Cartagena's role in the crime—not for the underlying firearm conviction. (Docket No. 582-1 at 9, 16); see also Hickey, 280 at 67 ("Appellee's sentence was imposed not on the basis of the underlying offense, *i.e.,* armed robbery, but on the basis of his career offender status."). Accordingly, Amendment 599 does not apply here.

### III.
### Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's motion (Docket No. 576).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of July, 2013.

                                                  S/José Antonio Fusté
                                                  JOSE ANTONIO FUSTE
                                                  U. S. DISTRICT JUDGE